GARRISON, Judge.
The defendant, Jean Hardy, was charged by bill of information with theft of goods valued in excess of $100.00 but less than $500.00, a violation of LSA-R.S. 14:67.10. After trial, the trial judge found the defendant guilty as charged. The defendant was given a suspended sentence of one year in the custody of the Department of Corrections and one year of active probation with special conditions. Defendant now appeals.
On May 30, 1989, Stephen Bourgeois, the store manager for Dillard’s Department Store (formerly D.H. Holmes) on Canal Street in New Orleans, received a report from his merchandise manager that a customer had picked up a television set and was taking it down the escalator without first going to a sales clerk. Bourgeois intercepted the customer (the defendant in this case) at the bottom of the escalator and asked to see her receipt for the television set. The defendant told Bourgeois that her brother had the receipt and that he was going to pick her up outside the store. Bourgeois waited with the defendant for her brother but he did not appear. Bourgeois then escorted the defendant back into the store and asked her the whereabouts of the top inventory ticket[1] from the television set. She stated that she did not know.
Officer Kenneth Beaudoin of the New Orleans Police Department testified that he was working a paid detail at the Dillard’s store on the day of the offense. During that day, he was paged to go to the back of the store where he found the defendant, Bourgeois and the television set. Officer Beaudoin testified that he interviewed the defendant in the store’s security office and asked her to produce a sales receipt for the television set. The defendant told him that she did not have the receipt with her because she had purchased the item one week earlier and was just returning to pick it up. The officer was unable to obtain any documentation from the defendant to substantiate her claim of ownership of the television set. After noticing that the defendant was trying to conceal an inventory control ticket, Officer Beaudoin asked her to turn it over to him. She handed over the ticket which was determined to be the ticket removed from the box containing the television set which was taken by the defendant. The defendant was then placed under arrest.
The defendant testified that she was in the store that day to pick up a television set which had been purchased by her son a week earlier. She said that she picked one of the television sets on a table and could not find a sales clerk in that department so she decided to bring the set downstairs to another check-out counter. She denied re *486 moving any tags from the box and denied any intent to steal the merchandise. The record contains no proof of purchase of the television set.
On appeal, the defendant argues that the trial court erred in failing to inform her of her right to trial by jury. LSA-C.Cr.P. art. 780 provides, in pertinent part:
“A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.
B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.”
In this case, the docket master and minute entry of July 13, 1989 indicate that the defendant was advised by the trial judge at her arraignment of her right to trial by judge or jury. Furthermore, the waiver of jury trial transcripts of August 14, 1989 and August 28, 1989 (the date to which trial was continued) establish that the trial court advised the defendant of her right to trial by judge or jury and that the defendant knowingly and intelligently waived her right to trial by jury. Therefore, this assignment of error is without merit.
Therefore, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. Bourgeois testified that the television set was a "big ticket item” and the procedure for tagging such items included the attachment on the box of three carbon copies of a sales ticket to a cardboard "sold” ticket. He explained that, at the time of purchase, the three tickets are ordinarily filled in and removed by a sales clerk, with one copy given to the customer. The "sold” ticket remains on the item.